BANK OF THE UNITED STATES, (BANK OF WASHINGTON v.) See Case No. 947.

## Case No. 907.

### BANK OF THE UNITED STATES v. BARRY.

[2 Cranch, C. C. 307.][1]

Circuit Court, District of Columbia. April Term, 1822.

NEGOTIABLE INSTRUMENTS—DEMAND—INDORSER'S LIABILITY.

A verbal notice to the indorser on the 18th, (being the day after the last day of grace,) that payment had been demanded of the maker on the 17th, and that the note would be protested if not paid on that day, (the 18th,) is not a sufficient notice to charge the indorser.

At law. Assumpsit against [James D. Barry] the indorser of Thomas Foyle's note due 14th-17th of October, 1820. Payment was demanded of the maker on the 17th; and the notary on the 18th gave verbal notice to the defendant that the note was due and would be protested for non-payment, unless paid on that day; and that he had demanded payment of the maker of the note on the 17th.

A verdict was taken for the plaintiffs, subject to the opinion of the court upon the sufficiency of the notice to the defendant. The maker and defendant both resided in the city of Washington.

THE COURT (nem. con.) was of opinion that the notice was not sufficient. Non-pros.

## Case No. 908.

### BANK OF THE UNITED STATES v. BENNING.

[4 Cranch, C. C. 81.][1]

Circuit Court, District of Columbia. May Term, 1830.

EVIDENCE—DEFECTIVE RECORDS—ESTOPPEL BY DEED—CONVEYANCES.

1. If the proceedings in equity have not been recorded at full length, the original papers, documents, and docket-entries may be adduced and used in court as constituting the record of the case.

[Cited in Bruce v. Manchester & K. R. R., 19 Fed. 346.]

2. An original deed, which has been recorded in the land-records under a decree in chancery in conformity with the act of the legislature of Maryland, 1792, c. 41, § 3, may be adduced in a subsequent action of ejectment, and identified as the deed thus ordered to be recorded, although it did not continue to remain on file in the suit in which it was ordered to be recorded.

3. The record copies in the books of land-records may be read in evidence without proving the execution or loss of the original deeds.

[See Peltz v. Clarke, Case No. 10,914; same case, on appeal, 5 Pet. (30 U. S.) 481; Beall v. Dick, Case No. 1,162; Thomas v. Magruder, Id. 13,904.]

4. Parol evidence may be given that the persons who took and certified the acknowledgment of a deed of real estate were, at the time of taking and certifying the same, justices of the peace; and it is not necessary that their official character should appear on the face of their certificate of acknowledgment.

[See Van Ness v. Bank of U. S., 13 Pet. (38 U. S.) 17; Shults v. Moore, Case No. 12,824; Willink v. Miles, Id. 17,768.]

5. The parties to deeds are estopped to deny the truth of the recitals therein; and if the deeds are offered only to show the transmission of the legal title, the truth of the recitals need not be proved aliunde.

6. If a deed of bargain and sale be made by a trustee, the legal estate passes whether the terms of the trust are complied with, or not; for if the bargainee takes with notice, he himself stands as trustee in place of the bargainor; if without notice and for valuable consideration, he takes an absolute title; for a trustee conveys by virtue of the legal estate vested in him, and not by virtue of a power.

7. A deed of bargain and sale by a person not in possession is void.

8. When the plea is not guilty, or defence on title, the defendant may give evidence of possession without warrant and location.

At law. Ejectment for the western moiety of lot No. 2, in the square No. 348, in the city of Washington.

It was agreed that the plaintiffs need not trace their title farther back than to the commissioners of the city of Washington. The plaintiffs claimed title by a deed from those commissioners to John Murdoch, December 19, 1801; from Murdoch to Walter Smith, April 5, 1805; and from Charles Lowndes to the said Smith, May 3, 1803; from the said Smith to Benjamin Stoddert, March 5, 1807; from Stoddert to T. G. Slye, March 5, 1807; and from Slye to the lessors of the plaintiffs, July 10, 1828.

Upon the trial, Mr. Key, for the plaintiff, offered to read these deeds from the copies in the land-record books of this county; except the deed from Stoddert to Slye, the original of which he produced, dated March 5, 1807, but not recorded until July 27, 1826, when it was recorded under a decree of this court as a court of chancery, in pursuance of the provisions of the Maryland act of assembly of 1792, c. 41, § 3, upon a petition by the Bank of Columbia, who then claimed under the deed. The record of that case not having been made out in full by the clerk, the plaintiffs' counsel offered to read to the court the original papers, docket-entries, and minutes of the proceedings and decree in that case; but the original deed, which had been filed with the petition and continued on the files in that cause until the passing of the decree for recording, had been taken from the files to be recorded in the book of land-records, with the decree, and after being recorded, was delivered to petitioners, who kept it till it was now produced here in court. No other evidence was offered of its execution, but the clerk had by an indorsement upon it certified that it was recorded by virtue of the decree of the court.

[1] [Reported by Hon. William Cranch, Chief Judge.]